**IN THE UNITED STATES BANKRUPTCY COURT**
**Eastern District of Virginia**
**Richmond Division**

| | |
|---|---|
| In re: David Junior Green | Case No. 15-31017-KRH |
| Tomeka Violette Light-Green | Chapter 13 |

**AKA Tomeka J. Green; AKA Tomeka V. Light Green; AKA Tomeka Light; AKA Tomeka V. Light; AKA Tomeka Violette Light; AKA Tomeka V. Lightgreen; AKA Tomeka V. Green**
**Debtors**

Address:   1616 Tree Ridge Rd
           Henrico, VA 23231

Last four digits of Social Security No(s):      xxx-xx-6934 (Debtor)
                                                xxx-xx-9038 (Joint Debtor)

## NOTICE OF MOTION FOR DETERMINATION OF FEES, EXPENSES, OR CHARGES AND MOTION FOR SANCTIONS

The above named Debtors have filed a Motion for Determination of Fees, Expenses, or Charges, and a Motion for Sanctions in this bankruptcy case.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one.

**NOTICE IS HEREBY GIVEN** that a hearing thereon will be held on the above-referenced Motion at the United States Bankruptcy Court, in the Honorable Kevin R. Huennekens's Courtroom, 701 E. Broad Street, Room 5000, Richmond, VA 23219-3515, on August 30, 2017, at 12:30 p.m.

If you do not want the Court to grant the above-referenced Motion, then no later than 7 days before the date of the hearing, you or your attorney must:

File with the Court a written answer explaining your position at:

> Clerk of Court
> United States Bankruptcy Court
> 701 E. Broad Street, Suite 4000
> Richmond, VA 23219-3515

If you mail your response to the Court for filing, you must mail it to the address listed immediately above and early enough so that the Court will **receive** it within the time period stated above.

Emily Connor Kennedy (VSB #83889)
Mark C. Leffler (VSB #40712)
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230-1588
Telephone (804) 358-9900
Counsel for Debtors

       You must also send a copy to:

       Boleman Law Firm, P.C.
       P.O. Box 11588
       Richmond, VA 23230-1588

    If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

Dated: June 21, 2017                BOLEMAN LAW FIRM, P.C.
                                     Counsel for Debtors

                          By:   /s/ Mark C. Leffler
                                  Emily Connor Kennedy (VSB #83889)
                                  Mark C. Leffler (VSB#40712)
                                  Boleman Law Firm, P.C.
                                  P.O. Box 11588
                                  Richmond, VA 23230-1588
                                  Telephone (804) 358-9900
                                  Counsel for Debtors

## **CERTIFICATE OF SERVICE**

    I certify that on June 21, 2017 I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtors, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, and to the following parties in interest at the addresses set forth below.

Nationstar Mortgage, LLC
c/o William M. Savage, Esquire
Shapiro & Brown, LLP
10021 Balls Ford Road
Suite 200
Manassas, VA 20109

                                  /s/ Mark C. Leffler
                                  Counsel for Debtors

IN THE UNITED STATES BANKRUPTCY COURT
Eastern District of Virginia
Richmond Division

| | |
|---|---|
| In re: David Junior Green<br>Tomeka Violette Light-Green | Case No. 15-31017-KRH<br>Chapter 13 |
| AKA Tomeka J. Green; AKA Tomeka V. Light Green; AKA Tomeka Light; AKA Tomeka V. Light; AKA Tomeka Violette Light; AKA Tomeka V. Lightgreen; AKA Tomeka V. Green<br>Debtors | |

### MOTION FOR DETERMINATION OF FEES, EXPENSES, OR CHARGES, AND MOTION FOR SANCTIONS

Come now, David J. Green and Tomeka V. Light-Green (the "Debtors"), and file this Motion requesting that the Court determine pursuant to Federal Rule of Bankruptcy Procedure 3002.1(e) whether fees and charges that Nationstar Mortgage LLC has assessed against them are required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with §1322(b)(5) of the Bankruptcy Code, and requesting that the Court impose sanctions under Federal Rule of Bankruptcy Procedure 3002.1(i). In support of this Motion, the Debtors state as follows:

### JURISDICTION

1.     Jurisdiction of this Court is based upon 28 U.S.C. §§1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtors, a Chapter 13 case filed in this Court on February 27, 2015.

2.     This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O).

3.     Venue is proper pursuant to 28 U.S.C. §1409.

Emily Connor Kennedy (VSB #83889)
Mark C. Leffler (VSB #40712)
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230-1588
Telephone (804) 358-9900
Counsel for Debtors

## PARTIES

4. David J. Green and Tomeka V. Light-Green are the Debtors in this case.

5. Respondent Nationstar Mortgage, LLC ("Nationstar") is an entity that filed a proof of claim in the Debtors' case. Nationstar is a foreign limited liability company registered with the Virginia State Corporation Commission.

## FACTS

6. The Debtors' principal residence is a single-family home located at 1616 Tree Ridge Road, Henrico, VA 23231 (the "Residence").

7. In paragraph 5.A of their confirmed Chapter 13 plan, the Debtors propose, pursuant to 11 U.S.C. § 1322(b)(5), to cure any arrears and maintain direct post-petition payments on the debt secured by their Residence.

8. On May 28, 2015, Nationstar filed its Proof of Claim in this case, which the Court designated as Claim No. 10-1. Susan C. Meyer ("Ms. Meyer"), an attorney with Shapiro & Brown, LLP, signed the Proof of Claim. Ms. Meyer also filed a Notice of Appearance on behalf of Nationstar in this case.

9. Nationstar's claim is based upon a note (the "Note") and deed of trust (the "Deed of Trust") which are secured by the Debtors' Residence.

10. Copies of the Note and the Deed of Trust are attached to the Proof of Claim.

11. Paragraph 6.(E) of the Note states that, if the Note holder accelerates the Note due to the borrower's default, the Note holder will have the right to collect "all of its costs and expenses in enforcing" the Note, including "reasonable attorney's fees".

12. Paragraph 14 of the Deed of Trust states that the lender may charge "fees for services performed in connection with Borrower's default", including "attorney's fees, property

inspection and valuation fees".

13. Also attached to the Proof of Claim was Official Form B 10A (Attachment A), the "Mortgage Proof of Claim Attachment". Part 2 of the "Mortgage Proof of Claim Attachment" is the "Statement of Prepetition Fees, Expenses, and Charges". On Line 15 of Part 2, Nationstar stated the following: "Bankruptcy Fees (Post Petition, Pre-Confirmation $0.00 incurred but not added to arrearage)". On Line 16 of Part 2, Nationstar also stated that "Bankruptcy Costs" were $0.00.

14. On June 23, 2016, Nationstar filed Official Form 410S2 Notice of Postpetition Mortgage Fees, Expenses, and Charges (the "Rule 3002.1(c) Notice"). In Part 1 of the Rule 3002.1(c) Notice, Nationstar itemizes the following post-petition fees, expenses, and charges it has applied to the Debtors' account:

    a. On Line 3, "Attorney Fees" of $300.00 incurred on 02-02-2016; and

    b. On Line 5, "Bankruptcy/Proof of claim fees" of $350.00 incurred on 02-02-2016.

15. Since the date that Nationstar filed its Proof of Claim—May 28, 2015—to the date of the Rule 3002.1(c) Notice—June 23, 2016—the only thing filed in the Debtors' case by Nationstar are Notices of Appearance filed by: James R. Meizanis (formerly) of Shapiro & Brown, LLP, on September 22, 2015, R.A. Hurley of Rees Broome, PC on March 21, 2017, and William M. Savage of Shapiro & Brown, LLP on June 7, 2017.

16. The Debtors do not know why Nationstar has assessed $650.00 in fees, expenses, or charges against them.

17. On or about February 2, 2017, the Debtors mailed Nationstar a Request for Information (the "Request for Information") pursuant to 12 CFR §1024.36 requesting the

following information:

- The monthly principal and interest payment, and monthly escrow payment for each month since (and including) February of 2015.
- The total unpaid principal, interest and escrow balances as of February 27, 2015.
- For each payment received on or after February 27, 2015, indicate the amount of the payment, the date received, the date posted to the account, and how the payment was applied or credited.
- List all fees, costs, charges, and expenses that have been added to our account since February 27, 2015.
- For all of the fees, costs, charges, and expenses that have been added to our account since February 27, 2015, please list the amount, purpose, payment date (if any), and recipient.

If there are any codes included in the information that you send, please attach a complete list of all the codes and provide a short description of each code in plain English.

18. On or about March 15, 2017, Nationstar purported to respond to the Request for Information by mailing the Debtors a letter and several documents (the "Purported Response"), all of which are attached as Exhibit 1.

19. The Purported Response included a 9-page document entitled "Detail Transaction History" (the "Detail Transaction History") which purports to show all of the transactions in the Debtors' account with Nationstar between March 12, 2014 and March 6, 2017.

20. The Detail Transaction History includes the following transactions, which appear to reflect instances in which Nationstar added fees, costs, charges, or expenses to the Debtors' account:

    a. On February 2, 2016, $225.00 to payee "61SHRSN" for "CORP ADV DISB";

    b. On February 2, 2016, $300.00 to payee "61SHRSN" for "CORP ADV DISB";

    c. On February 2, 2016, $350.00 to payee "61SHRSN" for "CORP ADV DISB".

21. The Detail Transaction History appears to reflect that, on February 25, 2016, Nationstar applied $140.00 for payment of a corporate advance. The Detail Transaction History does not show where $140.00 in fees, costs, charges, or expenses were ever added to the

Debtors' account.

22.  Despite the detailed and proper Request for Information, in their Purported Response, Nationstar failed to provide any explanation regarding:

    a.  the purpose of any fees, costs, charges, or expenses added to the Debtors' account, or

    b.  any of the codes used in their Purported Response.

### DISCUSSION

23.  This Court has previously explained that:

> Rule 3002.1(c) requires that holders of claims secured by an interest in the debtor's principal residence and provided for under § 1322(b)(5) must "file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence" within 180 days after the date on which the fees, expenses, or charges are incurred.

In re Sheppard, No. 10-33959-KRH, 2012 WL 1344112, at *2 (Bankr. E.D. Va. Apr. 18, 2012).

24.  Federal Rule of Bankruptcy Procedure 3002.1(e) provides:

> On motion of the debtor or trustee filed within one year after service of a notice under subdivision (c) of this rule, the court shall, after notice and hearing, determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Code.

25.  Federal Rule of Bankruptcy Procedure 3002.1(i) provides:

> If the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions:
>
> (1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
> (2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

**ARGUMENT**

26. The Debtors do not dispute that the underlying agreement, evidenced by the Note and the Deed of Trust, allows for Nationstar to add "fees for services performed in connection with Borrower's default", including "attorney's fees, property inspection and valuation fees" or "reasonable attorney's fees" to their account.

27. The Debtors assert, however, that the fees that Nationstar added to their account are inappropriate because they not related to "services performed in connection with the Borrower's default". Nationstar has not alleged that the Debtors are in default, and the Debtors request strict proof that the fees, expenses, or charges that Nationstar has added to Debtors' account are required by the underlying agreement or applicable nonbankruptcy law.

28. The Debtors deny that Nationstar filed the Rule 3002.1(c) Notice within 180 days of the date the fees, expenses, or charges added to the account were "incurred".

29. On Line 5 of the Rule 3002.1(c) Notice, Nationstar is charging $350.00 for "Bankruptcy/Proof of claim fees" that Nationstar lists as "incurred" on February 2, 2016. On the Proof of Claim filed on May 28, 2015, Nationstar stated that there were $0.00 in post-petition, pre-confirmation bankruptcy fees owed.

30. On Line 3 of the Rule 3002.1(c) Notice, Nationstar is charging $300.00 for "Attorney fees" that it states were "incurred" on February 2, 2016. In their Request for Information, the Debtors requested information on the purpose and recipient of this fee. Nationstar failed to provide this information in its Purported Response.

31. The Debtors deny that Nationstar has provided any notice pursuant to Rule 3002.1(c) of the $225.00 fee assessed on February 2, 2016. Accordingly, the Debtors request that the Court apply the remedies allowed under Rule 3002.1(i) and (1) preclude Nationstar from

presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, and (2) award other appropriate relief, including reasonable expenses and attorneys fees caused by the failure.

32. The Debtors request that Nationstar provide an explanation regarding the $140.00 payment it applied toward a corporate advance on February 25, 2016. The Debtors deny that Nationstar provided any notice pursuant to Rule 3002.1(c) of the $140.00 corporate advance. Accordingly, the Debtors request that the Court apply the remedies allowed under Rule 3002.1(i) and (1) preclude Nationstar from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, and (2) award other appropriate relief, including reasonable expenses and attorneys fees caused by Nationstar's failure.

33. The Debtors request that, due to Nationstar's non-disclosure of the $225.00 fee it assessed against Debtors on February 2, 2016, the Court apply the remedies allowed under Rule 3002.1(i) and (1) preclude Nationstar from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, and (2) award other appropriate relief, including reasonable expenses and attorneys fees caused by Nationstar's failure.

34. The Debtors request that the Court determine whether the fees disclosed in the Rule 3002.1(c) Notice were "fees for services performed in connection with Borrower's default", as allowed by the Note and Deed of Trust. If the fees disclosed in the Rule 3002.1(c) Notice were not disclosed in the manner required by Rule 3002.1(c), the Debtors request that the Court grant them leave to file a separate Motion for Sanctions under Rule 3002.1(i).

## **DEMAND FOR RELIEF**

Accordingly, the Debtors request that the Court:

A. Examine the fees, expenses, and charges included in Nationstar's June 23, 2016 Rule 3002.1 Notice and determine they are not enforceable under the terms of the underlying agreement or applicable non-bankruptcy law,

B. Grant the Debtors leave to file a separate Motion for Sanctions pursuant to Rule 3002.1(i) if the fees, expenses, and charges included in Nationstar's June 23, 2016 Rule 3002.1 Notice were not disclosed in compliance with Rule 3002.1(c),

C. Find that the fees, expenses, and charges of $225 assessed against the Debtors on February 2, 2016 were not disclosed in compliance with Rule 3002.1, and that Nationstar's failure to disclose was not substantially justified or harmless,

D. Find that the fees, expenses, and charges of $140 paid out of the Debtors' account on February 25, 2016 were not disclosed in compliance with Rule 3002.1, and that Nationstar's failure to disclose was not substantially justified or harmless,

E. Preclude Nationstar from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the Debtors' case, and

F. Award other appropriate relief, including reasonable expenses and attorneys fees caused by Nationstar's failure.

        Respectfully Submitted,
        **David J. Green and Tomeka V. Light-Green**

  By: /s/ Mark C. Leffler
      Emily Connor Kennedy (VSB #83889)
      Mark C. Leffler (VSB#40712)
      Boleman Law Firm, P.C.
      P.O. Box 11588
      Richmond, VA 23230-1588
      Telephone (804) 358-9900
      Counsel for Debtors

### CERTIFICATE OF SERVICE

I certify that on June 21, 2017 I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtors, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, and to the following parties in interest at the addresses set forth below.

Nationstar Mortgage, LLC
c/o William M. Savage, Esquire
Shapiro & Brown, LLP
10021 Balls Ford Road
Suite 200
Manassas, VA 20109

        /s/ Mark C. Leffler
        Counsel for Debtors